TüRley, J.
delivered the opinion of the court.
This is an action before a justice of the peace, against the defendant as a public ferry keeper. The warrant summons him to answer in a plea of trespass and damage committed by receiving his ferriage, and then refusing to set him (the plaintiff,) across Powell’s river, at his public ferry, on the 5th day of April, 1839. On the trial, the justice of the peace gave judgment against the defendant for $10 and cost, from which he appealed to the circuit court, where the case was submitted to ajury and^ a verdict returned for the plaintiff for the same amount. Defendant moved in arrest of judgment, and assigned four reasons therefor.
1. The warrant seeks to recover a penalty given by act of assembly, and should be in debt and not for trespass and damages. Suppose this proposition to be true, how does the defendant shew that this action is brought to recover a penalty under a statute? there is nothing in the record shewing it. The warrant is not for a penalty, but to recover damages for a refusal on the part of the defendant to set the plaintiff across the river after having received his toll therefor, and in such a case the action well lies; for although the act of 1804, ch. 1, sec. 15, gives a penalty of $10 against a ferryman in favor of any person detained at a public ferry by reason of his not having sufficient boats or other craft and hands, or by neglecting to do his duty, yet this constitutes no bar to an action on the case for consequential damages resulting from a refusal to set a passenger across the stream over which he keeps his ferry.
2. Because the warrant charges the defendant with being a public ferry keeper, but does not say where or upon what water *247 course. It is not necessary that it should. To require so much strictness. in a warrant, would be to make it as certain as a declaration, which has not been and ought not to be done. The proof must supply the hiatus.
3. Because the warrant does not charge the defendant with having a ferry upon Powell’s river, or being a public ferry keeper on said river. This is substantially the same reason with the second,' and is disposed of by the same-answer.
4. Because it is uncertain from the face of the warrant what is sought to be recovered, whether the amount of ferriage paid or the penalty. • There is no such uncertainty; for neither the one thing or the other, is sought, but a distinct thing altogether, to wit, damages for the refusal and for detention at the ferry by the defendant, after having been paid his ferriage by the plaintiff. These the justice and the jury have fixed at $10, for which the plaintiff is by law entitled to judgment here.
Let the judgment of the circuit court be reversed, and judgment entered in accordance with the verdict.